# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| LINDA G. AUSTIN, *et al.*, | ) | |
| | ) | |
| *As Individuals and on Behalf of All Others Similarly Situated*, | ) ) | No. 13-446C |
| | ) | (Filed: November 20, 2014) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) ) | |

*Steve Winton*, Winton Law Corporation, San Diego, CA, for the plaintiffs.

*Joseph Edward Ashman*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  With him were *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Stuart F. Delery*, Assistant Attorney General.  With them were *Patricia Smith*, Of Counsel, Office of General Counsel, United States Department of Veterans Affairs.

## ORDER ON CLASS CERTIFICATION

**Kaplan, Judge.**

This matter is before the Court on plaintiffs' motion for class certification.  Plaintiffs and members of their class are or were employed by the Veterans Health Administration ("VHA") of the United States Department of Veteran Affairs ("VA") as nurses and other health care workers (hereinafter "nurses") who are entitled to receive "additional pay" for services performed on a federal recognized holiday, in accordance with 38 U.S.C. § 7453(d), 38 U.S.C. § 7454(a), and 38 U.S.C. § 7454(b)(1).  They contend that the policies governing holiday pay for nurses, set forth in the VA's Handbook, are inconsistent with 38 U.S.C. § 7453(d).  They further contend that, as a result of the application of those policies, plaintiffs and members of the class did not receive payment at holiday rates for all hours for which such rates are mandated by the statute.

Section 7453(d) of Title 38 provides as follows:

A nurse performing service on a holiday designated by Federal statute or Executive order shall receive for each hour of such service the nurse's hourly rate of basic pay, plus additional pay at a rate equal to such hourly rate of basic pay,

> for that holiday service, including overtime service.  Any service required to be performed by a nurse on such a designated holiday shall be deemed to be a minimum of two hours in duration.

According to plaintiffs, VA Handbook 5007/43, Part V, Chapter 6, ¶ 1(c) is inconsistent with this statutory provision.  It states that:

> A nurse . . . with a 40-hour basic workweek who performs service on a holiday designated by Federal statute or Executive order shall receive, for non-overtime service, additional pay at a rate equal to the employee's basic hourly rate of pay.  This shall be the applicable rate for holiday pay unless a higher rate is authorized under chapter 4 of this part.  When the basic workweek of a nurse includes portions of 2 tours on a holiday, the tour that commences on the holiday shall be treated as the holiday for pay and leave purposes.  When assigned to duty on a holiday, a nurse . . . shall receive a minimum of 2 hours of holiday pay.

Plaintiffs argue that this provision of the VA Handbook violates § 7453(d) in two respects.  First, plaintiffs contend that the Handbook authorizes holiday pay only when an employee's shift begins on the holiday.  Thus, contrary to statutory requirements, employees do not receive holiday pay if their shift began the day before the holiday, but ended on the holiday.  Second, plaintiffs contend that the Handbook is inconsistent with the statute because it excludes overtime service from the payment of holiday pay by providing that only employees are entitled to additional pay "for non-overtime service."

In their motion, plaintiffs contend that they have satisfied the pre-requisites for class certification set forth in Rule 23(a) of the Rules of the Court of Federal Claims ("RCFC").  Specifically, they argue that:  (1) the numerosity requirement is met because the pool of potential class members consists of at least 1000 current and former employees;[1] (2) there are common questions of law and fact shared by the class because all members of the class allegedly did not receive holiday pay as a result of the same allegedly illegal policies prescribed in the VA Handbook;  (3)  these common legal and factual issues predominate over any question affecting only individual members; (4) the class is manageable because each individual's claim involves common legal and factual issues; (5) the claims of the named plaintiffs are typical of the claims of other class members, all of whom were subject to the same allegedly illegal policies; and (6) the named parties and their experienced counsel will adequately represent the interests of the proposed class.

In its response to plaintiffs' motion, the government declines to take a position regarding whether class certification is appropriate, "defer[ring] to the Court's judgment" on that issue.

---

[1] Plaintiffs' complaint estimates the number of potential class members as in excess of 1000.  Compl. ¶ 8.  In their Memorandum in support of class certification (at page 3), plaintiffs assert that information revealed during discovery suggests that the number of class members could actually exceed 75,000, because at least that many of the covered individuals have performed services on federal holidays since July 1, 2007.

Def.'s Resp. 1.  The Court concludes that class certification is appropriate in this case, for the reasons set forth in plaintiffs' motion and recited above.  With respect to the class definition, the Court adopts the parties' joint proposed class definition, set forth below.

Pursuant to the criteria set forth in Rule 23(g)(1), the Court appoints Steven W. Winton as class counsel.  It finds that Mr. Winton possesses the requisite experience, knowledge, and resources to serve as class counsel in this matter, having been approved as class counsel in a number of similar cases in this Court over the past decade.  Winton Decl. ¶¶ 5-6.

Plaintiffs' further request that the Court appoint Mr. Ira Lechner as "class co-counsel" in this case is denied.  RCFC 23(g)  provides for the appointment of a single "class counsel."  Further, the rules dictate that there be only "one attorney of record" and that such attorney "shall be an individual (and not a firm)." RCFC 83.1(c)(1).  All other attorneys shall be designated "of counsel."  Id.; See King v. United States, 84 Fed Cl 120, 129 (2008).   Therefore, pursuant to RCFC 83.1(c)(1), Ira Lechner shall be designated as "of counsel."

## CONCLUSION

In conclusion, the Court specifically finds, under RCFC 23(a) that:

a. The class is so numerous that joinder of all members is impracticable;
b. There are questions of law or facts common to the class;
c. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
d. The representative parties will fairly and adequately protect the interests of the class.

Therefore, for good cause shown, the Court certifies an opt-in class under RCFC 23(c)(1). The class includes:

Class Description:  The plaintiff class consists of an opt-in class of persons who meet the following requirements:

(1) All nurses, physician assistants, expanded-function dental auxiliaries, and individuals employed in positions listed in 38 U.S.C. § 7401(3) as revised over time and as to whom the Secretary of the VA has determined that payment of additional pay on the same basis as provided for nurses in 38 U.S.C. § 7453 was necessary in order to obtain or retain their services, all of which were employed in the Veterans Health Administration of the Department of Veterans Affairs; and

(2) Who, on or after July 2, 2007, performed service on a holiday designated as such by Federal Statute or Executive Order; and

(3) Either: (a) worked overtime on a tour of duty any portion of which fell on the holiday, or (b) worked all or portions of two tours of duty on the holiday; and

(4) Who did not receive "additional pay" pursuant to 38 U.S.C. § 7453(d), 38 U.S.C. § 7454(a) or 38 U.S.C. § 7454(b)(1) for each and every hour of such service at the employee's "rate of basic pay, plus additional pay at a rate equal to such hourly rate of basic pay, for that holiday service, including overtime service.

The Court designates Steve W. Winston of Winton Law Corp. as Class Counsel under RCFC 23(g), and as attorney of record under RCFC 83.1(C).  Mr. Ira M. Lechner, Esq. shall be designated "of counsel."

The parties are hereby ordered to file a proposed plan for providing notice to potential class members in accordance with RCFC 23(c)(2) by December 19, 2014.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge