# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| LINDA G. AUSTIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  13-446C |
| v. | ) | (Filed: September 2, 2021) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

*Steven W. Winton*, Winton Law Corporation, San Diego, CA, for Plaintiffs. *Ira M. Lechner*, Washington, DC, Of Counsel.

*Albert S. Iarossi*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Deborah A. Bynum*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, and *Brian M. Boynton*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

Currently before the Court in this class action case is the parties' proffered Settlement Agreement, ECF No. 150-1, representing the resolution of the claims of all 4,537 Settlement Class members. Following preliminary approval of the Settlement Agreement, ECF No. 154, and notice to the Settlement Class members pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC"), the Court held a hearing on August 31, 2021 to determine whether the proffered settlement is "fair, reasonable, and adequate." See RCFC 23(e)(2). For the reasons set forth below, the Court finds that it meets those criteria and grants final approval to the Settlement Agreement negotiated by the parties.

## BACKGROUND[1]

Plaintiffs and members of their class are nurses and other health care workers (hereinafter "nurses") who are or were employed by the Veterans Health Administration ("VHA") of the United States Department of Veteran Affairs ("VA") and are entitled to receive "additional pay"

---

[1] The background of this case is set forth in detail in the Court's opinion in <u>Austin v. United States</u>, 124 Fed. Cl. 410, 412–15 (2015).

for services performed on a federally recognized holiday, in accordance with 38 U.S.C. § 7453(d), 38 U.S.C. § 7454(a), and 38 U.S.C. § 7454(b)(1). In the complaint filed on July 2, 2013, Plaintiffs alleged, among other things, that the policies governing holiday pay for nurses as set forth in the VA's Handbook were inconsistent with 38 U.S.C. § 7453(d). See Compl. ¶ 16, ECF No. 1. They further contended that, as a result of the application of those policies, Plaintiffs and members of the class did not receive payment at holiday rates for all hours for which such rates are mandated by the statute. Id. ¶ 21.

The Court certified this matter as a class action on November 20, 2014. See Order on Class Certification, ECF No. 26. On February 6, 2015, the parties proposed a class notification plan under RCFC 23(c)(2), which the Court approved by Order of March 31, 2015. ECF No. 40. Consistent with the plan, the Court directed the government to identify the nurses who met the class definition by July 29, 2016, and that it further provide the Court with a status report every ninety days advising of its progress. Id.

In the meantime, in opinions issued on December 2, 2015 and September 19, 2016, the Court granted-in-part and denied-in-part the parties' cross-motions for summary judgment as to liability, ECF Nos. 60 & 76, and amended the class definition accordingly, ECF No. 82. In that Order, the Court held that the class definition shall read as follows:

> (1) All nurses, physician assistants, expanded-function dental auxiliaries, and individuals employed in positions listed in 38 U.S.C. § 7401(3) as revised over time and as to whom the Secretary of the VA has determined that payment of additional pay on the same basis as provided for nurses in 38 U.S.C. § 7453 was necessary in order to obtain or retain their services, all of which were employed in the Veterans Health Administration of the Department of Veterans Affairs; and
> (2) Who, on or after July 2, 2007, and through and including October 1, 2016, performed service on a holiday designated as such by Federal Statute or Executive Order; and
> (3) Either: (a) were full-time employees who worked two or more tours of duty which began on the same holiday, or (b) were part-time or intermittent employees who worked a tour of duty that began the day before a holiday and ended on the holiday and did not have a second tour of duty scheduled to begin on that holiday; and
> (4) Who did not receive "additional pay" pursuant to 38 U.S.C. § 7453(d), 38 U.S.C. § 7454(a) or 38 U.S.C. § 7454(b)(1) for each and every hour of such service performed on the holiday at the employee's "rate of basic pay, plus additional pay at a rate equal to such hourly rate of basic pay, for that holiday service, including overtime service."

ECF No. 82 at 1–2.

The parties continued working together to identify all current and former employees of the VA who might be entitled to an award of back pay under the Court's liability rulings and to

secure contact information for those individuals. They also filed monthly status reports with the Court to keep it abreast of their progress. On March 8, 2018, the government provided a list of more than 7,000 potential class members who met the amended class definition. Settlement Agreement ¶ 8.

On November 7, 2018, the Court granted-in-part and denied-in-part the parties' request for approval of their joint revised class notification plan. Order, ECF No. 118. In that Order, the Court directed the parties to send notice via email and letter to class members, as well as post the Official Notice provided by the parties to the website maintained by the Administrator for this class action at www.holidaypaycase.com. Id. The Administrator did so beginning on December 18, 2018. See Settlement Agreement ¶ 9.

In response, 4,511 individuals submitted timely and valid claims with the Administrator. Id. As class counsel explained at the fairness hearing, the vast majority of the claims were submitted through the website. Another twelve individuals submitted claims that were not timely but which the government agreed were valid and should nonetheless be included in the settlement. See id. Additionally, 4,394 individuals who were not identified by the VA as potential class members submitted timely claims. Id. ¶ 10. Of these individuals, the VA determined that thirteen had valid claims. Id. The Administrator mailed letters to the remaining 4,381, inviting them to provide evidence of claims which they believed brought them within the amended class definition. See Ex. A to Joint Proposal for Providing Notification of Denied Claims and the Opportunity to Submit Evid., ECF No. 133-1 (letter to denied claimants); Order, ECF No. 134 (ordering the mailing of that letter). Of the two responses the Administrator received to this letter, the VA confirmed that one individual had submitted a claim which warranted inclusion in the class and, notwithstanding that the claim was untimely, agreed to include the individual in the settlement. Settlement Agreement ¶ 10; see also ECF Nos. 120, 121, 125, 126, 128, 137–40 (advising the Court of the same in monthly Joint Status Reports).

The VA thereafter calculated the amount of back pay and interest owed to the 4,537 class members in the Settlement Class based on its payroll records. On May 28, 2021, Plaintiffs filed an unopposed motion for preliminary approval of a proposed settlement for all class members in this case and proposed notice plan pursuant to RCFC 23(e). See Pls.' Unopposed Mot. for Prelim. Approval of the Settlement Agreement of Back Pay, Interest, Attorneys' Fees and Costs, Costs and Expenses of Administration, and Employer Related Taxes, Under the Back Pay Act, Approval of the Website Notice to the Class, and Scheduling of a Fairness Hr'g ("Pls.' Mot."), ECF No. 150. In their motion, Plaintiffs explained that the VA had determined that a total of 4,537 individuals filed valid claims for back pay, id. at 1, and that the parties had reached an agreement regarding the terms of a proposed settlement which provides for payment of all amounts owed to Settlement Class Members, id. at 2; see also Settlement Agreement ¶¶ 8–11. As set forth in Plaintiff's motion and in the Court's June 21, 2021 Order granting preliminary approval, the Settlement Agreement consists of $2,880,665.50 in back pay, $1,217,691.50 in interest, and $220,370.69 for the employer's contribution of employment-related taxes, to be disbursed to Class Members in accordance with the amounts set forth in the parties' approved claimant list, see Ex. A to Settlement Agreement, ECF No. 153. Settlement Agreement ¶ 14. The proposed Settlement Agreement also provides for reimbursement of attorneys' fees and costs in the amount of $1,237,091.09, and for the payment of $452,258.78 to the Administrator for its

fees and costs. Id. In short, the parties' proposed agreement provides for total payment of $6,008,077.56, id., an amount which includes payment to each Settlement Class member the full amount of back pay each is owed, see [Proposed] Order Granting Prelim. Approval of Settlement Agreement, Notice to the Class, Process and Timing for Objs., and Scheduling of Fairness Hr'g ("Proposed Order") ¶ 35, ECF No. 150-2 (noting that the agreed payment amounts to "one hundred percent of the amount of unpaid accrued and accumulated back pay" and that "individual recoveries have been uniformly calculated and proportionately distributed based on a detailed analysis of each class member's individual pay and leave records").

On June 21, 2021, the Court: (1) granted Plaintiffs' unopposed motion for preliminary approval of a settlement agreement of back pay, interest, attorneys' fees and costs, costs and expenses of administration, and taxes, under the Back Pay Act; (2) preliminarily approved the proposed settlement for the purpose of allowing the approved notice of the proposed settlement to be provided to the class members; (3) approved the proposed Notice to the Settlement Class Members and the posting of such notice via the Internet on the website maintained for this class action; and (4) scheduled a fairness hearing. See Order at 3, ECF No. 154.

After the Court preliminarily approved the parties' proposed class action settlement and scheduled a fairness hearing to discuss the terms of the Settlement Agreement, Plaintiffs filed a joint status report representing to the Court that no Settlement Class members had filed objections to the proposed settlement. ECF No. 155. On August 31, 2021, the Court held a telephonic fairness hearing, at which no individual Plaintiffs or Settlement Class members objected or otherwise sought to comment on the proposed Settlement Agreement.

## DISCUSSION

## I.    Standards for Final Approval of Settlement Under RCFC 23(e)

The approval of settlement agreements in certified class actions is governed by RCFC 23(e), which provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." In implementing RCFC 23(e), the Court conducts a preliminary fairness evaluation of the proposed settlement, then directs notice of the settlement be provided to the class, and last, may grant final approval of the proposed settlement following notice to the class and a fairness hearing at which class members may appear and be heard as to their satisfaction with the terms of the settlement. Barnes v. United States, 89 Fed. Cl. 668, 670 (2009).

As noted, RCFC 23(e)(1)(B) obligates the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal" prior to approval. A notice of settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Haggart v. Woodley, 809 F.3d 1336, 1348–49 (Fed. Cir. 2016) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Thereafter, the Court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2); see also Haggart, 809 F.3d at

1348–49. Though it is within the Court's discretion to accept or reject a proposed settlement and in doing so to assess the strengths and weakness of each parties' position, Adams v. United States, 107 Fed. Cl. 74, 75–76 (2012) (citing Evans v. Jeff D., 475 U.S. 717, 726–27 (1986)), it may not alter the proposed settlement, nor "decide the merits of the case or resolve unsettled legal questions," Nat'l Treasury Emps. Union v. United States, 54 Fed. Cl. 791, 797 (2002) (quoting Carson v. Am. Brands, 450 U.S. 79, 88 n.14 (1981)).

In determining whether a proposed settlement is "fair, reasonable, and adequate" pursuant to RCFC 23(e), the Court looks to the "'paramount' twin elements of procedural and substantive fairness." Courval, et al. v. United States, 140 Fed. Cl. 133, 138–39 (2018) (quoting Christensen v. United States, 65 Fed. Cl. 625, 629 (2005)).

Procedural fairness relates to "whether the settlement resulted from 'arms-length negotiations and whether plaintiffs' counsel have possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interests.'" Courval, 140 Fed. Cl. at 139 (quoting Christensen, 65 Fed. Cl. at 629). In addition to comparing the terms of the settlement with the potential rewards of litigation, the Court considers the negotiation process through which the settlement was reached. Christensen, 65 Fed. Cl. at 628–29; see also Nat'l Treasury Emps. Union, 54 Fed. Cl. at 797 ("Such approval should be given based on the court's assessment of the reasonableness of the proposed compromise, taking into account the context in which the settlement was reached.").

"The primary concern" for the Court, however, is "the substantive terms of the settlement." Christensen, 65 Fed. Cl. at 629 (quoting Weinberger v. Kendrick, 698 F.2d 61, 73–74 (2d Cir. 1982). Though RCFC 23(e)(2) does not provide a definitive list of the factors to be applied in determining whether a settlement negotiated by the parties is substantively fair, Raulerson v. United States, 108 Fed. Cl. 675, 677 (2013), courts have found the following factors instructive for assessing whether the proposal is "fair, reasonable, and adequate":

(1) The relative strengths of plaintiffs' case in comparison to the proposed settlement, which necessarily takes into account:
    (a) The complexity, expense and likely duration of the litigation;
    (b) the risks of establishing liability;
    (c) the risks of establishing damages;
    (d) the risks of maintaining the class action through trial;
    (e) the reasonableness of the settlement fund in light of the best possible recovery;
    (f) the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation;
    (g) the stage of the proceedings and the amount of discovery completed;
    (h) the risks of maintaining the class action through trial;
(2) The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsels' representation of the class;
(3) The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;
(4) The fairness of the settlement to the entire class;
(5) The fairness of the provision for attorney fees;

(6) The ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or a private entity.

Dauphin Island Prop. Owners Ass'n v. United States, 90 Fed. Cl. 95, 102–03 (2009) (citing Berkley v. United States, 59 Fed. Cl. 675, 681–82 (2004)); In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions, 148 F.3d 283, 317 (3d Cir. 1998), Staton v. Boeing Co., 327 F.3d 938, 959, 961 (9th Cir. 2003), D'Amato v. Deutsche Bank, 236 F.3d 78, 86 (2d Cir. 2001)).[2]

In reviewing a settlement agreement, the Court keeps in mind consideration of "the interest in encouraging settlements, particularly in class actions, which are often complex, drawn out proceedings demanding a large share of finite judicial resources," Courval, 140 Fed. Cl. at 140 (citing Christensen, 65 Fed. Cl. at 629). Thus, though the Court "has 'considerable discretion' with respect to the weight it assigns to each factor based on the factual context of the case," "settlement is always favored." Athey v. United States, 132 Fed. Cl. 683, 688 (2017) (quoting Raulerson, 108 Fed. Cl. at 677).

## II.    Fair Notice

As an initial matter, the Court concludes that fair notice of the terms of the settlement has been provided to all of the Settlement Class members. In accordance with RCFC 23(e)(1)(B), the Court's Order granting preliminary approval of the Settlement Agreement directed that the Administrator, by June 28, 2021, post the notice of the proposed Settlement Agreement on the class action website maintained for this case at www.holidaypaycase.com. See Order at 3, ECF No. 154; see also Pls.' Mot. Ex. 3 (approved website notice), ECF No. 150-3; see also Settlement Agreement ¶ 29. In its Order, the Court determined that Plaintiffs' proposed notice was reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them the opportunity to comment on or object to the proposed settlement in advance of the fairness hearing, and accordingly approved both the proposed notice and its posting via the Internet. Order at 3, ECF No. 154.

The Court further instructed the parties to notify all Settlement Class Members of the terms of the Settlement Agreement, their right to file objections to the terms thereof, and the procedures for allocating and distributing funds paid pursuant to the Settlement Agreement. See id. It also directed the parties to inform Settlement Class members that the Court would hold a "Fairness Hearing" pursuant to RCFC 23(e) on August 31, 2021, that members had the right to submit written objections to the proposed Settlement Agreement in advance of that hearing, and that they further had the right to attend the hearing and comment on the proposed settlement. Id. at 3.

During the telephonic fairness hearing on August 31, 2021, class counsel represented to the Court that, though he could not say for certain how many Settlement Class members had viewed the proposed Settlement Agreement—which at that point had been posted on the website

---

[2] RCFC 23 is substantially similar to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), and decisions applying FRCP 23 are persuasive in this Court. See Haggart v. United States, 89 Fed. Cl. 523, 529 (2009) (citing King v. United States, 84 Fed. Cl. 120, 122 n.2 (2008)).

for more than two months—the website has been the consistent means of communication between himself and Settlement Class members for several years. Moreover, counsel explained, the vast majority of the members of the Settlement Class had originally submitted their claims through the website several years prior. Class counsel further reiterated that no objections had been submitted either prior to the Court's deadline or as of the date of the fairness hearing and that no Plaintiffs or Settlement Class members had otherwise sought to comment on the Settlement Agreement or appear at the hearing, and none did so.

Accordingly, based upon the factual record and the representations of counsel during the fairness hearing, the Court concludes that fair notice has been provided to the class members regarding the terms of the proposed settlement.

### III.    The Terms of the Settlement Agreement are Fair, Reasonable, and Adequate

The Court also concludes that the terms of the proposed settlement are procedurally fair. During the settlement process, the parties filed numerous joint status reports advising the Court of the parties' progress toward settlement, see ECF Nos. 139–47, and have informed the Court of the status of those discussions during routine status conferences, see ECF Nos. 131, 148. The record before the Court, moreover, demonstrates that class counsel served as a zealous advocate for Settlement Class members throughout the course of this eight-year litigation, including by regularly providing updates regarding the status of proceedings via the website maintained for this class action. See generally www.holidaypaycase.com.

Further, during the fairness hearing, counsel for both parties represented that they engaged in extensive negotiations of the proposed settlement over the course of many months, including negotiations as to the correct database by which the VA could calculate back pay owed, the amount of interest owed to each Settlement Class member, and the reimbursement of attorneys' fees. Accordingly, and as Plaintiffs' motion explains, the "individual recoveries [allocated by the Settlement Agreement] have been uniformly calculated and proportionally distributed based on a detailed analysis of each class member's individual pay and leave records." Proposed Order ¶ 35.

The Court is thus satisfied that the parties' settlement negotiations have been conducted in good faith; without collusion, preferential treatment, or other deficiencies; and with an interest in ultimately resolving the case by settlement. In short, it concludes that the proposed Settlement Agreement now before it "resulted from arms-length negotiations," and is the result of the "effective representation of the class's interest.'" Courval, 140 Fed. Cl. at 139 (citations and internal punctuation omitted).

The Court similarly finds that the Settlement Agreement reached in this case is substantively fair. As noted, the payments proposed to each Settlement Class member amount to "one hundred percent of the amount of unpaid accrued and accumulated back pay" that class counsel and the government have determined that each member is owed, as well as interest. Proposed Order ¶ 35.

In addition, counsel for both parties—including class counsel, whom the Court previously determined "possesses the requisite experience, knowledge, and resources to serve as class counsel in this matter, having been approved as class counsel in a number of similar cases in this Court over the past decade," see Order on Class Certification at 3, ECF No. 26—represented to the Court during the fairness hearing that they believe that the proposed settlement is fair, reasonable, and adequate, and that they can imagine no grounds for potential objection; assurances which the Court finds useful for evaluating whether the settlement is adequate. See Raulerson, 108 Fed. Cl. at 678 ("[T]he professional judgment of [P]laintiff's counsel is entitled to considerable weight in the [C]ourt's determination of the overall adequacy of the settlement.") (quoting Dauphin, 90 Fed. Cl. at 104). The fact that no members of the Settlement Class have objected to the terms of the proposed settlement is further instructive.

Finally, the Court concludes that the reimbursement of attorneys' fees and costs in the amount of $1,237,091.09, and for the payment of $452,258.78 to the Administrator for its fees and costs as proposed in the Settlement Agreement is reasonable, particularly in light of the fact that it does not reduce the full recovery of back pay and interest owed to Settlement Class members. See Settlement Agreement ¶ 14.

## CONCLUSION

In view of the foregoing, the Court finds that the parties' proposed settlement is fair, reasonable, and adequate, and accordingly **APPROVES** the Settlement Agreement, ECF No. 150-1. The Court notes that the Settlement Agreement requires the parties to act within thirty days of its order granting final approval to the settlement. Id. ¶ 19. The date of this Order shall be the date from which all deadlines set forth in the Settlement Agreement are calculated.

The parties shall file a joint status report within ninety days of the date of this Order, and every sixty days thereafter, advising the Court of the status of compliance with the terms of the settlement, as well as whether and when the parties intend to file a joint motion for voluntary dismissal as provided in paragraph 37 of the Settlement Agreement.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge